UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HENRY FRANCISCO AYALA-MARTINEZ, | Case No.: 26cv0905-LL-BJW |
|---|---|
| Petitioner, | **ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** |
| v. | |
| KRISTI NOEM, Secretary of the Department of Homeland Security, et al., | [ECF No. 5] |
| Respondents. | |

Before the Court is Petitioner Henry Francisco Ayala-Martinez's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 5 ("Pet."). Respondents filed a Return [ECF No. 6], and Petitioner filed a Traverse [ECF No. 7]. For the reasons set forth below, the Court **GRANTS** the Amended Petition.

## I.      BACKGROUND

Petitioner is a national of El Salvador and entered the United States without inspection in 2005. Pet. at 4; ECF No. 6-1 at 9. On July 31, 2025, he was arrested by Immigration and Customs Enforcement officers and has been detained ever since. *Id.*; ECF No. 6-1 at 5–6. On February 23, 2026, he filed an Amended Petition alleging that he is wrongfully detained under 8 U.S.C. § 1225(b)(2) and that his detention without a bond

1

hearing violates 8 U.S.C. § 1226(a), associated regulations, the Administrative Procedures Act, and the Fifth Amendment's Due Process Clause. *Id.* at 5, 9.

## II.    LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.    DISCUSSION

Petitioner argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because he should be held under 8 U.S.C. § 1226(a). Pet. at 5–9.

### A.    Detention Statute

Noncitizens are detained during removal proceedings under two statutes: 8 U.S.C. §§ 1225 and 1226. Section 1225 is titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing" and concerns "applicants for admission" who are defined for purposes of § 1225 as an "alien present in the United States who has not been admitted or who arrives in the United States." § 1225(a)(1). An applicant for admission "seeking admission or readmission to or transit through the United States" is inspected by immigration officers. § 1225(a)(3). After inspection, certain applicants for admission who are deemed to be inadmissible shall be subject to expedited removal— "without further hearing or review"—unless they indicate an intention to apply for asylum or a fear of persecution, in which case they will be referred for a credible fear interview by an asylum officer. § 1225(b)(1)(A)(i)-(ii); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020). For the other applicants for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly

2

and beyond a doubt entitled to be admitted, the alien shall be detained" for a proceeding under the regular removal process of § 1229a. § 1225(b)(2)(A). Applicants for admission detained under either prong of § 1225(b) are subject to mandatory detention until removal proceedings have concluded, but may be paroled into the United States by DHS "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); *see also Jennings*, 583 U.S. at 300, 302 (finding that parole is the only statutory provision for release from detention under § 1225(b) during removal proceedings). There is no statutory right to a bond hearing for noncitizens detained under § 1225(b). *See Jennings*, 583 U.S. at 296–97.

Section 1226 is titled "Apprehension and detention of aliens" and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." § 1226(a). The government may then "continue to detain the arrested alien" or release the alien on bond or conditional parole. § 1226(a)(1)-(2). After the initial decision is made to either detain or release the noncitizen, the noncitizen may request a bond hearing (i.e., custody redetermination) before an immigration judge. § C.F.R. § 1236.1(d)(1). However, § 1226(c) "carves out a statutory category of aliens who may *not* be released under § 1226(a)." *Jennings*, 583 U.S. at 289. Section 1226(c) specifies that noncitizens who are inadmissible or deportable because of certain crimes are ineligible to be released on bond or parole, unless it is deemed necessary for witness-protection purposes. §§ 1226(a), (c).

Petitioner and Respondents interpret § 1225 and § 1226 differently. Petitioner contends that the plain text of § 1226 applies to noncitizens like himself who were residing in the United States at the time they were arrested and are detained pending a decision on whether they should be removed from the country. Pet. at 5–9. Respondents oppose, arguing that Petitioner is an "applicant for admission" per the plain language of the statue and subject to mandatory detention under § 1225(b)(2). ECF No. 6 at 2, 4 n.2; Respondents' Response in Opposition to Petitioners' Habeas Petition and Application for Temporary

Restraining Order at 12; *Beltran v. Noem*, No. 25cv2650-LL-DEB (S.D. Cal. Oct. 9, 2025), ECF No. 6.

"The starting point for our interpretation of a statute is always its language." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989) (citation omitted). "We must enforce plain and unambiguous statutory language according to its terms." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010) (citations omitted). "But oftentimes the meaning—or ambiguity—of certain words or phrases may only become evident when placed in context." *King v. Burwell*, 576 U.S. 473, 486 (2015) (internal quotation marks and citation omitted). Thus, "when deciding whether language is plain, we must read the words in their context and with a view to their place in the overall statutory scheme." *San Carlos Apache Tribe v. Becerra*, 53 F.4th 1236, 1240 (9th Cir. 2022), *aff'd,* 602 U.S. 222 (2024) (internal quotation marks omitted) (quoting *King*, 576 U.S. at 486).

The Court finds the plain text of § 1225(b)(2) does not support Respondents' contention that it applies to any noncitizen present in the United States who has not been admitted. The terms, title, and context indicate a narrower application. An "applicant for admission" detained under § 1225(b)(2) requires an "examining immigration officer" to determine that the noncitizen "seeking admission is not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Broadly reading §1225(b)(2) detention to merely require being "applicants for admission"—noncitizens present in the United States who have not been admitted or who arrive in the United States—ignores the other language that also requires them to be "seeking admission" and for the examining officer to determine they are "not clearly and beyond a doubt entitled to be admitted." *See Shulman v. Kaplan*, 58 F.4th 404, 410–11 (9th Cir. 2023) ("[A] court 'must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.'" (citation omitted)); *see also Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 308 (D. Mass. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1113–14 (E.D. Cal. 2025);

*Garcia v. Noem*, 803 F. Supp. 3d 1064, 1076–77 (S.D. Cal. 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025). Furthermore, the title of § 1225 is "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," which indicates that this section is limited to people applying for admission when they arrive in the United States or upon recent entry. *See Dubin v. United States*, 599 U.S. 110, 120–21 (2023) ("This Court has long considered that the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute." (internal quotation marks and citation omitted)). Petitioner was not actively "seeking admission" upon arrival or recent entry at the border, nor did immigration officers inspect Petitioner and determine he was not entitled to be admitted. Instead, he had been living in the country for years when he was detained.

Respondents contend that "seeking admission" is simply a characteristic of all "applicants for admission" and not a separate requirement, but the Court is not persuaded. ECF No. 6 at 4 n.2; Respondents' Response in Opposition to Petitioners' Habeas Petition and Application for Temporary Restraining Order at 14–15; *Beltran v. Noem*, No. 25cv2650-LL-DEB (S.D. Cal. Oct. 9, 2025), ECF No. 6. As other courts have found, the use of the present participle "seeking" "necessarily implies some sort of present-tense action." *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1113 (quoting *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025)). The plain text of § 1225(b)(2)(A) requires a noncitizen present without admission to be actively seeking lawful entry. *See id.*; *Esquivel-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1081 (S.D. Cal. 2025) (agreeing with other courts in the Ninth Circuit who find that "seeking admission" requires an affirmative act such as entering the United States or applying for status (citing cases)). Respondents' interpretation would render the term "seeking admission" superfluous. *See Shulman*, 58 F.4th at 410–11; *Lepe*, 801 F. Supp. 3d at 1114 ("The government's position would make the 'seeking admission' language meaningless and violate the rule against surplusage." (citations omitted)). The Ninth Circuit has already rejected an interpretation of "applicant for admission" that would consider any applicant for admission as someone also "deemed

26cv0905-LL-BJW

to have made an actual *application* for admission." *See Torres v. Barr*, 976 F.3d 918, 927 (9th Cir. 2020); *see also Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *6 (D. Ariz. Oct. 3, 2025) (citing *Torres*, 976 F.3d 918).

Additionally, if Respondents' argument that all noncitizens present in the country without admission are subject to mandatory detention under § 1225(b)(2) is true, it would render superfluous a recent amendment to § 1226(c). *Lepe*, 801 F. Supp. 3d at 1115 (collecting cases). Section 1226(a) provides discretionary detention of noncitizens pending a decision on removal, except for certain noncitizens who are inadmissible or deportable due to certain crimes described in § 1226(c). In 2025, the Laken Riley Act added a subsection to § 1226(c)(1), denying bond or parole to any noncitizen who is both (1) inadmissible under § 1182(a)(6)(A), (6)(C), or (7) as a noncitizen "present without admission or parole," or without valid entry documents, or who used fraud or misrepresentation to obtain entry documents, *and* (2) charged with, arrested for, or convicted of certain crimes. Laken Riley Act, Pub. L. No. 119-1, 139 Stat 3 (2025); § 1226(c)(1)(E). In other words, if noncitizens are present without admission and they have *not* committed certain crimes, they are detained under § 1226(a)'s default provisions. *See* § 1226(a) (providing discretion to release noncitizens on bond or parole "[e]xcept as provided in subsection (c)"); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025). "As the Supreme Court has recognized, when Congress creates 'specific exceptions' to a statute's applicability, it 'proves' that absent those exceptions, the statute generally applies." *Rodriguez*, 779 F. Supp. 3d at 1256–57 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)). Therefore, if—as Respondents urge—all noncitizens present without admission were already subject to mandatory detention under § 1225(b)(2), there would be no need for an amendment that mandates detention for all noncitizens "present without admission or parole" *and* who have been charged with certain crimes. *See Lepe*, 801 F. Supp. 3d at 1115; *Garcia*, 803 F. Supp. 3d at 1076. "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995), *abrogated*

26cv0905-LL-BJW

*on other grounds by Riley v. Bondi*, 145 S. Ct. 2190 (2025). The Court will not find that Congress passed the Laken Riley Act to add an amendment that performs the same function as §1225(b)(2). *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1152 (D. Minn. 2025); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.").

Accordingly, under the plain language of § 1225 and § 1226, the Court finds, as have many other courts addressing the same issue, that Petitioner's detention, as a noncitizen present in the United States without being admitted or paroled and who was residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a) and not the mandatory detention of § 1225(b)(2). *See, e.g.*, *Contreras-Cervantes v. Raycraft*, No. 2:25-CV-13073, 2025 WL 2952796, at *8 & n.4 (E.D. Mich. Oct. 17, 2025) (collecting cases); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1304 n.3 (W.D. Wash. 2025) (collecting cases). *But see Chavez v. Noem*, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025) (finding petitioners as noncitizens residing in the country without inspection or parole are "applicants for admission" and properly detained under § 1225(b)(2)). This finding also comports with the Supreme Court's interpretation that § 1225(b) applies to the detention of "aliens seeking admission into the country" while § 1226 applies to "aliens already in the country" during removal proceedings. *See Jennings*, 583 U.S. at 289. It is also consistent with years of agency practice based on regulations from the Executive Office for Immigration Review in 1997 issued to implement the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which includes the detention provisions of § 1225 and § 1226. *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10312 (Mar. 6, 1997). The agency regulation explained under a section titled "Apprehension, Custody, and Detention of Aliens" that "non-criminal aliens" are subject to "the new $1,500 minimum bond specified by IIRIRA," and that "[d]espite being applicants for admission, aliens who are present

26cv0905-LL-BJW

without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination." *Id.* at 10323.

### B.   Remedy

Petitioner argues that the Court should order immediate release or a bond hearing with additional safeguards because immigration judges' neutrality has been compromised. Pet. at 9–16.

Although the Ninth Circuit has added certain procedural protections—such as shifting the burden of proof to the government to prove dangerousness or flight risk—to bond hearings for noncitizens who have been subjected to prolonged detention, it has declined to do the same for bond hearings under 8 U.S.C. § 1226(a), noting that § 1226(a) provides "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Therefore, the Court finds that a bond hearing under 8 U.S.C. 1226(a) is the proper remedy. *See id.* at 1197, 1202.

## IV.   CONCLUSION

For the reasons set forth above, the Court **ORDERS**:

1.      Petitioner's Amended Petition for Writ of Habeas Corpus is **GRANTED**.

2.      Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order.

   a.   At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

   b.   The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond

26cv0905-LL-BJW

is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

        c.     Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

    3.     The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

     **IT IS SO ORDERED**.

Dated:  April 8, 2026

_____

Honorable Linda Lopez
United States District Judge